IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

FRANCISCO RIVERA-MUÑIZ, et al.,

    Plaintiffs,

    v.

HORIZON LINES INC., et al.,

    Defendants.

Civil No. 09-2081 (GAG)

## ORDER

Plaintiffs, nine domiciliaries of Puerto Rico and their respective conjugal partnerships, bring this class action on behalf of themselves and similarly situated consumers in Puerto Rico against Defendants, Horizon Lines Inc.; Horizon Lines LLC; Horizon Logistics LLC; Horizon Lines of Puerto Rico Inc.; Sea Star Lines LLC; and Crowley Liner Services, Inc. (See Docket No. 62.) Among other offenses, Plaintiffs allege price-fixing and conspiracy to fix prices in violation of the Puerto Rico Antitrust Act ("PRAA"), P.R. Laws Ann. tit. 10, §§ 257–276 (2009).

On September 3, 2010, this court issued an Opinion and Order granting in part and denying in part Defendants' motions for dismissal. (See Docket No. 109.) In that Opinion and Order, this court dismissed all claims except for Plaintiffs' claim for price-fixing in violation of PRAA. (See id.) With respect to the remaining claim, this court certified the question of the extraterritorial reach of PRAA to the Puerto Rico Supreme Court. (See Docket No. 112.)

Defendants now move to certify an additional question to the Puerto Rico Supreme Court—whether indirect purchasers have standing to bring suit under PRAA. (See Docket No. 116.) Plaintiffs oppose this latest motion. (See Docket No. 117.)

As noted in the Opinion and Order, "[f]or cases in diversity, this court must defer to the decisions of the Puerto Rico Supreme Court on matters relating to Puerto Rico law." (See Docket No. 109 at 5 n.3 (citing Rodríguez v. Suzuki Motor Corp., 570 F.3d 402, 406 (1st Cir. 2009)).) This

**Civil No. 09-2081 (GAG)**                              2

policy of federalism is embodied in the Rule of Decision Act, which commands federal courts to apply relevant state law in civil actions unless displaced by specific federal legislation on point. See 28 U.S.C. § 1652. Even if this court disagrees with the reasoning of the Puerto Rico Supreme Court, this court cannot overrule the Commonwealth court on issues pertaining to local substantive law. See Suzuki Motor Corp., 570 F.3d at 406.

Certification of unsettled questions of Puerto Rico law to the Puerto Rico Supreme Court is a helpful aid in finding the correct substantive law for application and avoiding unnecessary rulings on such matters. See Romero v. Colegio de Abogados de P.R., 204 F.3d 291, 305-06 (1st Cir. 2000). Because certification is premised upon deference to the Commonwealth's judicial autonomy, see id., it is not a vehicle to force the high court to revisit settled matters of Puerto Rico law.

The Puerto Rico legislature enacted PRAA in 1964. Pressure Vessels of P.R., Inc. v. Empire Gas de P.R., 137 P.R. Dec. 497, 519 (1994).[1] Since then, federal precedents have limited standing in private antitrust actions under federal law to direct purchasers. See Ill. Brick Co. v. Illinois, 431 U.S. 720, 746 (1977). Without citing Illinois Brick explicitly, the Puerto Rico Supreme Court rejected such limitations on standing for the purpose of private antitrust actions under PRAA. See Pressure Vessels, 137 P.R. Dec. at 519 (citing federal precedents limiting antitrust standing that postdate enactment of PRAA in 1964). According to the Commonwealth court, the legislative intent under PRAA must be inferred from the state of federal case law in 1964—when federal precedents tended to favor liberal standing requirements in private antitrust actions. Id. Because the Puerto Rico Supreme Court has unequivocally rejected limitations to private antitrust standing under PRAA, this court must deny Defendants' motion for certification.[2] See Romero, 204 F.3d at 305-06.

In view of the foregoing, this court hereby **DENIES** Defendants' Joint Motion for Certification (Docket No. 116).

---

[1] For English translation, www.westlaw.com (Enter "1994 P.R.-Eng. 909,547" into search by citation).

[2] If Defendants wish to amend the standing requirements under PRAA, they must appeal to the Puerto Rico legislature or present their arguments in a proper judicial venue in the Commonwealth.

**Civil No. 09-2081 (GAG)**                         3

    **SO ORDERED.**

In San Juan, Puerto Rico this 13th day of September, 2010.

                                         *s/ Gustavo A. Gelpí*

                                       GUSTAVO A. GELPI
                                    United States District Judge